AB:JEA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

-against-

THEODORE JOHNSON,

        Defendant.

- - - - - - - - - - - - - - - - - - X

**TO BE FILED UNDER SEAL**

AFFIDAVIT AND COMPLAINT
IN SUPPORT
OF APPLICATION FOR
AN ARREST WARRANT

(T. 18, U.S.C., § 922(g)(1))

19-MJ-031

EASTERN DISTRICT OF NEW YORK, SS:

      DEBRA LAWSON, being duly sworn, deposes and states that she is a Detective with the New York City Police Department ("NYPD"), duly appointed according to law and acting as such.

      Upon information and belief, on or about January 4, 2019, within the Eastern District of New York, the defendant THEODORE JOHNSON, having been convicted in a court of one or more crimes punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting interstate or foreign commerce a firearm, to wit: a Glock G19 9mm semi-automatic pistol, and ammunition.

      (Title 18, United States Code, Section 922(g)(1))

The source of your deponent's information and the grounds for her belief are as follows[1]:

1. I am a Detective with the NYPD and have been involved in the investigation of numerous cases involving firearms offenses. I am currently assigned to the Triggerlock Unit. I am familiar with the facts and circumstances set forth below from my personal involvement in this investigation, my review of documents, records and reports, and from reports made to me by other law enforcement officers and personnel. Where I describe the statements of others, I am doing so only in sum and substance and in part.

2. On or about December 28, 2018, at approximately 9:10 p.m., two on-duty Police Officers of the NYPD (hereinafter "Officer #1" and "Officer #2"), along with an NYPD Lieutenant (the "Lieutenant")[2], were canvassing on foot in the vicinity of Manhattan Avenue and Broadway in Brooklyn, New York, in response to a 911 call of an attempted robbery of an individual ("Victim-1"). Victim-1 stated in sum and substance that, while walking northbound in the vicinity of 10 Manhattan Avenue, three males attempted to rob him and, in doing so, pushed him to the ground and swung at him. Victim-1 provided a description of two of the three males, including, that one of the males had a beard and was

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest, I have not set forth every fact learned during the course of this investigation.

[2] Because multiple officers were involved in the arrest of this defendant, I refer to them as Officer #1 and Officer #2 for ease of reference. The identities of each of the officers and the lieutenant are known to the affiant, and I have interviewed Officer #1 and Officer #2.

2

wearing a blue jacket, and one of the males had a red-hooded sweatshirt. The Officers and Lieutenant were dressed in uniform.

3. At approximately 9:15 p.m., Officer #1 observed three males in a restaurant in the vicinity of 689 Broadway who matched the description provided by Victim-1, including one male with a beard in a blue jacket, one male with a red-hooded sweatshirt, and one male in a green jacket and blue jeans, later identified as the defendant, THEODORE JOHNSON. Officer #1 then contacted Officer #2 and Lieutenant regarding his observations and Officer #2 and Lieutenant thereafter moved to Officer #1's location. Officer #1 then observed the three males exit the restaurant, identified himself as a police officer, and ordered the three males to stop.

4. JOHNSON immediately began running down the sidewalk on Broadway and then turned left onto Debevoise Street heading eastbound. Officer #2 and Lieutenant began chasing the defendant on foot and stopped the defendant approximately a half a block on Debevoise Street. Officer #2 placed the defendant under his control with the assistance of an off-duty police officer. While Officer #2 was in control of the defendant, the defendant stated in substance, "You got me, it's on my leg, it's on my leg." Officer #2 frisked the defendant's leg and discovered a black, Glock G19 9mm semi-automatic pistol with serial number ACES176 (the "Firearm"), which was loaded with thirteen rounds of ammunition. The defendant was arrested by the officers.

5. Following his arrest and being advised of and waiving his <u>Miranda</u> rights, JOHNSON stated in sum and substance and in part that he has been on the run since

November 28th and was carrying the firearm because he was not going back to jail.[3] This interview was recorded by video.

6. Based on my discussions with an interstate nexus expert from the Bureau of Alcohol, Tobacco, Firearms, and Explosives I know that the Firearm and ammunition were manufactured outside of the State of New York.

7. I have reviewed the defendant JOHNSON's criminal history records. On or about April 13, 2004, the defendant was convicted of criminal possession of a loaded firearm in the third degree, in violation of New York Penal Law § 265.02, a class D felony. Additionally, on or about July 11, 2002, the defendant was convicted of criminal possession of a loaded firearm in the third degree, in violation of New York Penal Law § 265.02, a class D felony. Both offenses were punishable by a term of imprisonment of more than one year.

WHEREFORE, your deponent respectfully requests that the defendant THEODORE JOHNSON be dealt with according to law.

I further request that the Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the affidavit and arrest warrant. Based upon my training and experience, I have learned that criminals actively search for criminal affidavits and arrest warrants via the internet. Therefore, premature disclosure of the contents of this affidavit and related documents will seriously jeopardize the

---

[3] Prior to being advised of his Miranda warnings, JOHNSON spontaneously stated, in substance, that he was not going back to jail and was either going to "kill himself" or commit "suicide by cop."

investigation, including by giving the defendant an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence and change patterns of behavior.

_____
DEBRA LAWSON
Detective
New York City Police Department

Sworn to before me this
17th day of January, 2019

/s/ RLM
_____
THE HONORABLE ROANNE L. MANN
CHIEF UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK